**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William A. Graven, | No. CV-19-04586-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| State of Arizona, | |
| Defendant. | |

Pending before the Court is Defendant State of Arizona's Motion to Dismiss (Doc. 11). For the following reasons, the motion will be granted.

## I. Background

Plaintiff brought this cause of action against the State of Arizona for monetary damages based on the failure to indict Snell & Wilmer, a local law firm, and some of its partners for alleged criminal acts.

## II. Legal Standard

Defendant has moved to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues the First Amended Complaint is barred by the Eleventh Amendment, res judicata, Arizona's Notice of Claim Statute, and the applicable statute of limitations. Defendant further argues that Plaintiff lacks standing and fails to state a valid claim for relief.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704

F.2d 1074, 1077 (9th Cir. 1983) ("The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.").

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A jurisdictional challenge based on Eleventh Amendment immunity is properly raised in a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte."); *see also Halstead v. Motorcycle Safety Found., Inc.*, 71 F.Supp.2d 464, 468 n.1 (E.D. Penn. 1999) ("The Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction and therefore a motion raising Eleventh Amendment immunity may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."). In resolving such a facial attack, the Court accepts the well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019).

## III.    Eleventh Amendment

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amend. XI. Accordingly, absent waiver, consent, or an express abrogation of sovereign immunity by Congress, a state is immune from federal court suits brought by their own citizens or those of another state. *Lindsey v. Matayoshi*, 950 F.Supp.2d 1159, 1165 (D. Haw. 2013). Here, because Plaintiff brings a claim for

monetary damages against the State itself, and because Plaintiff has failed to argue that the claims fall within any legitimate exception, the Court finds that Plaintiff's entire First Amended Complaint is barred by the Eleventh Amendment. Plaintiff has not provided the Court with any basis to find otherwise.[1] *See Comm. to Protect our Agric. Water v. Occidental Oil & Gas Co.*, 235 F.Supp.3d 1132, 1161 (E.D. Cal. 2017) ("An entity invoking Eleventh Amendment immunity generally bears the burden of asserting and ultimately proving those matters necessary to establish its defense. However, once a defendant meets this burden, the burden shifts to plaintiff to demonstrate that an exception to Eleventh Amendment immunity applies." (internal citations omitted)).

Accordingly,

**IT IS ORDERED** that Defendant State of Arizona's Motion to Dismiss (Doc. 11) is **granted** and this action is **dismissed in its entirety**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 13th day of January, 2020.

Honorable Steven P. Logan
United States District Judge

---

[1] Because the Court finds that the claims are barred by the Eleventh Amendment, the Court declines to address the remaining arguments in Defendant's Motion to Dismiss.